UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. KEATING et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN A. JASTREMSKI et al., <br><br> Defendants; <br><br> AND RELATED COUNTERCLAIMS. | Case No.: 3:15-cv-57-L-AGS <br><br> **ORDER GRANTING EX PARTE APPLICATION [DOC. NO. 177] AND DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT [DOC. NO. 168]** |

Pending before the Court is *Ex Parte* Application to Take Counter-Defendants' Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment off Calendar Until Such Time the Magistrate Hears TRG's Request for an Order Show Cause Re: Contempt for Failure to Comply with Discovery Orders ("Ex Parte Application") filed by Defendant and Counterclaimant The Retirement Group, LLC ("TRG"). Counter-defendants Sean Sullivan, Lloyd Silvers, Steven Dalton and Ardent Retirement Planning, LLC (collectively "Ardent"), filed an opposition, and TRG replied.

TRG argues it cannot fully brief its opposition to Ardent's pending summary judgment motion because Ardent has failed to produce relevant documents even after the Magistrate Judge Andrew G. Schopler granted TRG's motion to compel (doc. no. 156). Pending before Judge Schopler is TRG's motion for an order to show cause why Ardent

should not be held in contempt for failure to comply with the order granting motion to compel (doc. no. 167). TRG claims that while it could file an opposition to Ardent's summary judgment motion without production of additional documents, the opposition would not be complete, and TRG would request additional time to supplement its opposition brief after reviewing the additional documents.

Ardent counters that granting TRG's Ex Parte Application is not warranted by Federal Rule of Civil Procedure 56(d), because TRG admitted that it could file an opposition without the additional documents, and accuses TRG of failing to comply with TRG's discovery. The Ex Parte Application is not based on Rule 56(d). Further, TRG's alleged discovery violations, which also are the subject of orders and pending motions before Judge Schopler, are irrelevant to the Ex Parte Application, as Ardent does not contend that any documents TRG has failed to produce are necessary to support Ardent's motion. Finally, Ardent does not contend that it would be prejudiced, if TRG's Ex Parte Application were granted.

Rule 56 provides for discretion to assure the interests of justice are not overlooked in deciding summary judgment motions. *See, e.g.,* Fed. R. Civ. Proc. 56(e) (if a party is unable to properly address a factual assertion, the court may grant an opportunity to do so or "issue any other appropriate order"). The interests of justice and judicial efficiency are best served if the parties and Judge Schopler are given an opportunity to resolve discovery issues before TRG is required to file its opposition.

Accordingly, TRG's Ex Parte Application [doc. no. 177] is GRANTED. Ardent's summary judgment motion [doc. no. 168] is DENIED WITHOUT PREJUDICE. Ardent may refile its motion after it has complied with Judge Schopler's orders regarding TRG's requests for discovery. This Order does not modify any Federal Rules of Civil

/ / / / /

Procedure, Civil Local Rules or Judge Schopler's orders regarding the time to file summary judgment motions.

    IT IS SO ORDERED.

Dated: June 23, 2017

_____
Hon. M. James Lorenz
United States District Judge