UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy KEATING, et al.,<br><br>                              Plaintiffs,<br>v.<br>John A. JASTREMSKI, et al.,<br>                              Defendants. | Case No.: 15-cv-0057-L-AGS<br><br>**ORDER PROVISIONALLY GRANTING DEFENDANTS' MOTION TO SEAL (ECF No. 296)** |

      Defendants seek to seal 5,681 pages of documents, *en masse*, which they attached to a declaration in support of their motion for terminating sanctions. Defendants argue that sealing these pages are necessary because they "contain personal and financial information, including names, addresses, telephone numbers, account numbers, income, and net worth, for thousands of individuals, some of whom are or were [defendants'] clients." (Mem., ECF No. 296-1, at 2.) The Court concludes that the privacy interests of these uninvolved third parties meet the "compelling reasons" standard—especially in light of the threat of identity theft—to seal a document when it is offered in support of a potentially dispositive motion. *See Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006). But defendants have not complied with this Court's requirements to file a public copy which redacts only those portions of the filing which defendants have compelling reasons to seal. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). Because the motion meets the compelling reasons standard, it is granted and the Clerk is

1

1 | to seal defendants' lodgment. (*See* ECF No. 297.) But, by September 1, 2018, defendants
2 | must either (1) file a redacted version of the lodgment for public consumption which
3 | redacts the information defendants have cause to seal or (2) retract the declaration from
4 | consideration in support of its motion. Should defendants take that second route, it must
5 | immediately inform the Special Master of as much.

**IT IS SO ORDERED.**

DATED: August 1, 2018

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE