UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. KEATING *ET AL.*, <br><br> Plaintiffs, <br> v. <br><br> JOHN A. JASTREMSKI *ET AL.*, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS. | CASE NO. 3:15-cv-00057-L-AGS <br><br> **ORDER GRANTING MOTION TO VACATE** |

Pending before the Court is a motion filed by Counter-Defendant Lloyd J. Silvers ("Silvers")[1] seeking to set aside the order granting Counterclaimant The Retirement Group LLC ("TRG") leave to amend the counterclaim. (Doc. no. 454.) Silvers styles his motion as a "Motion to Vacate Order and Allow a Response to the Retirement Group, LLC's Motion to Amend Their Complaint."[2] (Doc. no. 458.) TRG

---

[1] Silvers suggests that his motion is made on behalf of himself as well as Counter-Defendants Steven Dalton and Ardent Retirement Planning, LLC. (*See, e.g.,* doc. no. 458 at 2.) As a *pro se* litigant, Silvers can represent only himself. *See* Civ. L. Rule 83.3.b.

[2] Silvers has not sought a hearing date for his motion and has not complied with other local rules regarding motions. (*See* Civ. L. R. 7.1; CM/ECF Administrative

1

filed an opposition. (Doc. no. 459.) For the reasons stated below, the motion is granted.

Silvers argues that due to a court staff error he was deprived of an opportunity to oppose TRG's motion. He contends he relied on the Notice of E-Filed Document Discrepancy ("Discrepancy") which accepted for filing TRG's motion for leave to amend despite failure to comply with local rules but indicated that in the absence of compliance by noon on Friday, July 26, 2019, the motion would be stricken. (Doc. no. 449.) Because the Discrepancy was issued in error, the docket does not reflect any subsequent action by TRG and also does not reflect that the motion was stricken. Silvers's opposition to TRG's motion was due on Monday, July 29, 2019. *See* Civ. L. Rule 7.1.e. Silvers did not file an opposition, and on Wednesday, August 1, 2019, the Court granted TRG's motion for leave to amend as unopposed. (Doc. no. 454.)

Silvers contends he did not file an opposition because he was expecting and waiting for TRG's motion to be stricken. Given that no order striking the motion was entered and that Silvers could file his opposition after TRG's July 26 due date, his failure to act was unreasonable. Nevertheless, to allow for complete airing of the merits of TRG's motion, Silvers's motion is granted.

Accordingly, it is ORDERED as follows:

1. The Order Granting Motion to Amend Counterclaim (doc. no. 454) is vacated, and TRG's second amended counterclaim (doc. no. 457) is stricken.

2. TRG's motion for leave to amend counterclaim (doc. no. 439) is reinstated.

3. No later than September 4, 2019, Silvers shall serve and file his opposition, if any. If Counter-Defendants Steven Dalton and/or Ardent Retirement

---

Policies and Procedures Manual ¶ 2.g.) *Pro se* status does not excuse him from compliance. *See* Civ. L. Rule 83.11.a. Because Silvers met and conferred with TRG's counsel before filing, the motion is construed as an ex parte application. (*See* doc. no. 458-1.) *See* Civ. Loc. R. 83.3.g; Standing Order for Civil Cases at 2.

Planning, LLC wish to oppose TRG's motion for leave to amend, they may do so, provided that all Counter-Defendants who wish to oppose file a joint opposition brief no more than 25 pages in length no later than September 4, 2019.

4. No later than September 11, 2019, TRG shall file its reply, if any.

5. In all other respects, the parties shall comply with all applicable federal rules, local rules of this District and the undersigned's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated: August 20, 2019

_____
Hon. M. James Lorenz
United States District Judge