1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. KEATING *ET AL.*, <br><br> Plaintiffs, <br> v. <br><br> JOHN A. JASTREMSKI *ET AL.*, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS. | CASE NO. 3:15-cv-00057-L-AGS <br><br> **ORDER DENYING PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION TO SEAL** <br> (Doc. no. 438) |

Pending before the Court in this action alleging misappropriation of trade secrets is an unopposed motion filed by Plaintiffs and Counter-Defendants Jeremy Keating, Richard P. Gigliotti, and Alexander J. Mele (collectively, the "Keating Group") to seal portions of the Special Master's report and recommendation. (Docs. no. 428, 440 ("Recommendation").) For the reasons which follow, the motion is denied.

The Court appointed Hon. Ronald S. Prager (Ret.) as the Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure (docs. no. 316, 323) to prepare a report and recommendation on two motions for sanctions and related fee applications. The subject of the Recommendation is the motion for terminating sanctions.

1

Initially, Counter-Defendant Securities America, Inc. ("SAI") objected to the filing of the Recommendation and requested sealing because the Recommendation disclosed monetary terms of the settlement between SAI and Counterclaimant The Retirement Group, LLC ("TRG"), reached during the pendency of the Special Master proceedings (doc. no. 434). The Court construed the objection as a motion to seal the Recommendation to the extent it disclosed monetary terms of the settlement with respect to SAI as well as with respect to the Keating Group, who filed the instant motion. (*See* doc. no. 437.) The Recommendation was sealed, and a redacted version was filed for public view. (*See* docs. no. 437, 440.) Accordingly, to the extent the Keating Group requests sealing the financial terms of the settlement, their motion is denied without prejudice as moot.

The Keating Group further argues that the discussion of their conduct in the Recommendation deprives them of the benefit of the settlement, which was reached without admitting fault and included a confidentiality agreement. Specifically, they maintain that the disclosure of their conduct prejudices their business reputation, and contend sealing is warranted by Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 408.

Rule 408 precludes admissibility of settlement information to prove a claim or impeach a witness but allows its admission for other purposes. Fed. R. Evid. 408. To the extent the settlement is referenced in the Recommendation, as currently redacted for public view, it is neither used to prove a claim nor impeach a witness, and the discussion of the Keating Group's conduct does not disclose any information related to the settlement, such as its terms or the preceding negotiations. Instead, the Recommendation references the settlement to explain that the Keating Group and SAI are no longer parties to the case. Accordingly, Rule 408 precludes neither the reference to the settlement nor the discussion of the Keating Group's conduct, and does not support sealing any part of the Recommendation.

/ / /

Next, the Keating Group relies on a confidentiality agreement executed with the settlement as a reason to seal the references to their conduct.  Even if their private confidentiality agreement stood on the same footing as a protective order, it would not be sufficient to warrant sealing.  That a document is designated confidential pursuant to a stipulation is of little weight when it comes to sealing court filings.  *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003).

Finally, the Keating Group members maintain that referencing their conduct reflects negatively on their business reputation, and that this establishes good cause for sealing under Federal Rule of Civil Procedure 26(c).  Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  The lack of opposition to the pending motion therefore does not automatically resolve it.  *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (citation omitted).  "Despite this strong preference for public access," an exception was carved out "for sealed materials attached to a discovery motion unrelated to the merits of a case.  Under this exception, a party need only satisfy the less exacting 'good cause' standard" articulated in Rule 26(c)(1)." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

The Keating Group assumes that the less exacting good cause standard applies to its motion. The good cause standard is an exception, rather than the rule in the area of court-filed documents. *Kamakana*, 447 F.3d at 1179. The applicable standard "turn[s] on whether the motion is more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. As is apparent on the face of the Recommendation, the motion for terminating sanctions is more than tangentially related to the merits of this case. Furthermore, underlying the strong presumption in favor of public access to judicial records is the public interest in understanding the judicial process. *See id.* at 1096. The dispositive nature of the motion for terminating sanctions therefore also counsels against applying the good cause standard.

> To meet the compelling reasons standard, the requesting party
>
> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana*, 447 F.3d at 1178-79 (internal quotation marks, brackets and citations omitted). The Keating Group's argument that the discussion of their involvement prejudices their business reputation is insufficient to meet the compelling reasons standard.

4

For the foregoing reasons, the motion to seal filed by the Keating Group is denied.

**IT IS SO ORDERED.**

Dated: April 9, 2020

_____
Hon. M. James Lorenz
United States District Judge