UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. KEATING *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN A. JASTREMSKI *ET AL.*, <br><br> Defendants. | CASE NO. 3:15-cv-00057-L-AGS <br><br> **ORDER GRANTING THE RETIREMENT GROUP, LLC'S MOTION TO AMEND COUNTERCLAIM** <br> **(Doc. no. 439)** |
| AND RELATED CROSS-ACTIONS. | |

In this action alleging misappropriation of trade secrets, pending before the Court is a motion to amend counterclaim filed by Counterclaimant The Retirement Group, LLC ("TRG"). (Doc. no. 439.) Counter-Defendants Lloyd Silvers, Steven Dalton and Ardent Retirement Planning, LLC ("Ardent," collectively the "Ardent Group") filed an opposition and TRG replied. For the reasons that follow, TRG's motion is granted.

The parties had previously filed cross-motions for evidentiary and terminating sanctions based on claims of discovery misconduct and spoliation of evidence. (*See* docs. no. 157, 275.) The Court appointed Hon. Ronald S. Prager (Ret.) as the Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure to prepare a report

1

and recommendation. (Docs. no. 316, 323.) After the Special Master had issued a report recommending terminating sanctions against the Ardent Group (*see* doc. no. 440), but before the Court ruled on the Ardent Group's objections, TRG filed the pending motion, requesting leave to amend its counterclaims to prepare its case for a motion for default judgment against the Ardent Group, should this Court adopt the Special Master's recommendation.

The proposed second amended counterclaim removes the claims against the parties who have settled out of the case, including Plaintiffs/Counter-Defendants Jeremy Keating, Richard P. Gigliotti and Alexander J. Mele (collectively, "the Keating Group"), as well as Counter-Defendant Securities America, Inc. ("SAI"), and leaves intact the claims against the Ardent Group members.

The substantive amendments pertain to the requested relief. With respect to the claim for misappropriation of trade secrets, the first amended counterclaim sought "proximately caused damages and unjust enrichment obtained by counter-defendants." (*See* doc. no. 439-1 Ex. B (redline comparison of the first and proposed second amended counterclaims ("Redline")) at 103.)[1] The proposed amendment replaces this language with a reference to disgorgement and specifies the amounts sought against each member of the Ardent Group, including prejudgment interest. (*Id.*) It also adds an estimated amount of attorneys' fees TRG intends to request. (*Id.*)

A similar request is made with respect to the claim for unfair trade practices. The first amended counterclaim sought restitution of Counter-Defendants' unjust enrichment and attorneys' fees. (Redline at 108.) TRG seeks leave to add the specific sums it intends to seek against each member of the Ardent Group and estimates the attorneys' fees. (*Id.*)

With respect to the breach of contract claim against Silvers, the first amended counterclaim sought "damages in an amount to be proven at trial." (Redline at 106.)

---

[1] All page numbers are assigned by the ECF System.

2

This remains unchanged, but TRG seeks leave to add a request for an "injunction pursuant to the terms of Silvers' Marketing and Licensing Agreement." (*Id.* at 106-07.)

Finally, the prayer for relief reflects the above requested changes. In the first amended counterclaim, TRG requested "compensatory damages (including restitution and unjust enrichment) according to proof" and attorneys' fees. (Redline at 110.) This remains unchanged, but TRG requests to add the amounts sought against each member of the Ardent Group, an estimate of attorneys' fees, and a request for injunctive relief. (*Id.*)

Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted).

The Ardent Group does not oppose adding requests for injunctive relief and prejudgment interest. However, it argues that in other respects, the amendments are requested in bad faith and that they are untimely and prejudicial. They claim to be prejudiced because they did not know TRG's damage theory and the actual amounts in advance, for example, through TRG's disclosures under Federal Rule of Civil Procedure 26(a)(1)(A), responses to interrogatories or timely updates to each. This argument is without merit.

///

3

The Ardent Group, together with other Counter-Defendants, raised the same issues of timeliness, prejudice and bad faith in their motion for evidentiary sanctions (doc. 275). Magistrate Judge Andrew G. Schopler entertained voluminous briefing and extensive oral argument. He concluded that TRG should have provided an estimate of its damages earlier in the case. He found, however, that the delay in disclosure was harmless to Counter-Defendants. Accordingly, evidentiary sanctions were denied, but Counter-Defendants were awarded attorneys' fees for having to file the motion. (*See* doc. no. 298 and related audio recording of the hearing.) They requested a total of approximately $31,000 in fees. (Docs. no. 299, 300.) The Special Master ultimately recommended, and this Court agreed, to award a total of $10,000, with $5,000 of that attributable to the Ardent Group. (Docs. no. 409, 418.) The Ardent Group did not object to this resolution of their motion for evidentiary sanctions. *See* Fed. R. Civ. Proc. 53(f), 72.

If not before, in February 2018, in its opposition to the motion for evidentiary sanctions, TRG spelled out its theory of damages and how it intends to calculate them. (*See* doc. no. 293 at 8.) Its theory was that members of the Keating Group "stole" TRG's clients when they transferred from TRG to Ardent and SAI. SAI was a broker-dealer who employed them. Ardent was associated with SAI in that it provided marketing services to find clients. As referenced in the order adopting the Special Master's recommendation, filed concurrently herewith, the Ardent Group members considered their assistance with the Keating Group's transition, including alleged theft of client information, a "marketing service," resulting in commission override payments to Dalton and kickbacks to Silvers.

The implications of this theory on TRG's calculation of damages were explained in TRG's brief in opposition to the motion for evidentiary sanctions. TRG explained that it needed SAI's commissions report to see how much the Keating Group members earned based on the clients they "stole" from TRG. (Doc. no. 293 at 8.) This information changed daily and was in SAI's and Ardent's possession. (*Id.*) To

4

calculate damages against Dalton and Ardent, TRG planned to apply 30% to the commissions, representing Dalton's override on the Keating Group's commissions earned from TRG's clients. (*Id.*) With respect to Silvers, the disgorgement amount was disclosed in a deposition, where the witness testified that Silvers received $97,573.74 in kickbacks in connection with transitioning the Keating Group to SAI. (*Id.*) The foregoing information resulted in the sums included in the proposed second amended counterclaim. As to Silvers, precisely the same sum is included in the proposed second amended counterclaim. (*Cf.* Redline at 108, 110.)

Based on the foregoing, no later than February 2018, the Ardent Group had the exact sum of damages against Silvers and the means to calculate damages against Dalton and Ardent. Their claims of undue delay, prejudice and bad faith and their motion to preclude TRG from relying on these calculations at trial were rejected by Judge Schopler in March 2018. The Ardent Group did not object. *See* Fed. R. Civ. Proc. 53(f), 72. Their reliance on the same arguments in opposition to TRG's pending motion for leave to amend is unavailing.

The Ardent Group's remaining opposition arguments are premised on the contention that TRG seeks to change the nature of its claims against the Ardent Group members and that the claims are without merit as unsupported by law or evidence. However, review of the proposed amendments shows that all causes of action against the Ardent Group members remain the same, with the exception of specifying damage amounts, as addressed above. Accordingly, the Ardent Group's arguments as to the merits cannot properly be considered in opposition to TRG's motion for leave to amend.

For the foregoing reasons, TRG's motion for leave to amend is granted. No later than **April 16, 2020**, TRG shall file the second amended counterclaim attached as Exhibit A to its motion (doc. no. 439-1 at 7-73 ("Exhibit A")) with the following changes:

5

1. Consistent with the representations made in its motion (doc. no. 439-1 at 1-5), TRG shall remove from the caption the Counter-Defendants who have been dismissed to date (Jeremy Keating, Richard Gigliotti, Alexander Mele, Securities America, Inc., Sean Sullivan, and Capital Income Advisors, LLC (collectively, "Dismissed Parties")), leaving only Lloyd Silvers, Steven Dalton and Ardent Retirement Planning, LLC as named Counter-Defendants.

2. Also consistent with the representations made in its motion, TRG shall review Exhibit A and remove all references to Dismissed Parties as Counter-Defendants. (*See, e.g.*, Ex. A at 25 ("counter-defendant Securities America").)

**IT IS SO ORDERED.**

Dated: April 9, 2020

_____
Hon. M. James Lorenz
United States District Judge