UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. KEATING *ET AL.*,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>JOHN A. JASTREMSKI *ET AL.*,<br><br>　　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. 3:15-cv-00057-L-AGS<br><br>**ORDER (1) DENYING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR STEVE DALTON AND ARDENT RETIREMENT PLANNING, LLC; AND (2) BRIEFING SCHEDULE**<br><br>(Doc. no. 471) |

　　　Pending before the Court in this action alleging misappropriation of trade secrets is an unopposed motion filed by counsel for Counter-Defendants Steve Dalton ("Dalton") and Ardent Retirement Planning, LLC ("Ardent") seeking withdrawal from representation. (Doc. no. 471). Two counsel of record are reflected on the docket for Dalton and Ardent. Robert Bursky, an out-of-state attorney who was permitted to appear *pro hac vice* pursuant to Civil Local Rule 83.3.c.4 (doc. nos. 384, 385), and Assly Sayyar, who was designated by Mr. Bursky as his local counsel pursuant to Civil Local Rules 83.3.c.4 and 5 (doc. no. 384). According to the declaration of counsel, the clients consent to the withdrawal. Counterclaimant The Retirement Group, LLC

1

("TRG") filed a notice of non-opposition. (Doc. no. 472). Nevertheless, for the reasons which follow, the motion is denied.

Most recently, the Court considered TRG's and Defendant John A. Jastremski's ("Jastremski") motion for terminating sanctions for spoliation of evidence against Plaintiffs/Counter-Defendants Jeremy Keating, Richard P. Gigliotti and Alexander J. Mele (collectively, "the Keating Group"), as well as Counter-Defendants Securities America, Inc. ("SAI"), Lloyd J. Silvers ("Silvers"), Dalton and Ardent (Silvers, Dalton and Ardent are sometimes collectively referred to as the "Ardent Group").[1] The Court appointed Hon. Ronald S. Prager (Ret.) as the Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure to prepare a report and recommendation. The Special Master held a six-day evidentiary hearing. After considering voluminous briefing, evidence, and extensive argument, the Special Master concluded that members of the Ardent Group intentionally and maliciously destroyed evidence. He recommended granting motion for terminating sanctions and striking the Ardent Group's answers. On TRG's motion, which was vigorously opposed by the Ardent Group, this Court adopted the Special Master's recommendation. (*See* doc. no. 467.) Accordingly, the Ardent Group's answers were stricken, and default was entered against them. (Doc. nos. 467, 468.) Furthermore, the Court granted TRG's motion, filed in anticipation of a motion for default judgment, to amend its counterclaim to more accurately allege the amount of damages sought against the Ardent Group members. (Doc. no. 466.)

On May 8, 2020, TRG filed its motion for default judgment. (Doc. no. 470.) A week later and before any opposition was due, Dalton's and Ardent's counsel filed the instant motion to withdraw. (Doc. no. 471.) No opposition to the motion for default judgment has been filed to date.

---

[1] A settlement reached in April 2019 disposed of all claims between the Keating Group, SAI and Jastremski. (*See* doc. no. 436 (Klein Decl.) at 2; *see also* docs. no. 402, 403, 407, 408.) Accordingly, at the relevant time, TRG was the only remaining moving party, and the Ardent Group members were the only remaining opposing parties.

Ms. Sayyar wishes to withdraw because Dalton and Ardent have failed to pay her bills. (Doc. no. 471-2 ("Sayyar Decl.") at 2-3.) After she had brought this to their attention and after this Court adopted the Special Master's Report and Recommendation, "Dalton and Ardent knowingly and freely assented to termination of the attorney client relationship." (*Id.* at 2.) Mr. Bursky wishes to withdraw because upon Ms. Sayyar's withdrawal he will no longer have a local counsel, and he was informed by Dalton and Ardent that they did not intend to retain local counsel to replace Ms. Sayyar. (Doc. no. 471-3 ("Bursky Decl.") at 2.)

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D.Cal.1992).[2]

> In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694 at *2 (S.D. Cal. Feb. 13, 2008) (Hayes, J.).

With regard to the first factor, this District requires counsel to comply with the standards of professional conduct required of members of the State Bar of California, Civ. Loc. Rule 83.4(b), which allow for withdrawal from representation under certain conditions, Cal. R. Prof. Conduct 1.16(b). As relevant here, an attorney may withdraw if

> (5) the client breaches a material term of an agreement with . . . the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation; [or]

---

[2] Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted throughout.

  (6) the client knowingly and freely assents to termination of the representation.

Cal. R. Prof. Conduct 1.16(b)(5) – (6).  However, "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . ." *Id.* Rule 1.16(d).

  The counsel do not indicate how they have complied with this requirement.  Instead, they contend "[t]here is little to no prejudice that will be caused by withdrawal as the answers filed by Dalton and Ardent have been stricken and default entered against them." (Doc. no. 471-1 at 3.)  The Court is not persuaded.

  Although, upon entry of default all well-pleaded facts in the complaint are taken as true, the allegations relating to the amount of damages are not.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  A hearing may be required.  *See* Fed. R. Civ. proc. 55(b).  In its motion, TRG requests $745,982.42 in disgorgement damages against Dalton, statutory interest at a rate of 7%, punitive damages for twice the amount of disgorgement damages, and injunctive relief.  (Doc. no. 470-1 ("TRG Mot. for Default J.") at 17-21, 23.)  The requested judgment would make Ardent jointly and severally liable.  (*Id.* at 21.)  Finally, TRG is seeking $1,889,869.92 in attorneys' fees against the members of the Ardent Group for willful and malicious theft of trade secrets.  (*Id.* at 21-23.)  Complex legal issues are raised by the request for relief against Ardent, because, according to TRG, "Ardent is out of business." (*Id.* at 21.)  The counsel do not say whether Dalton and Ardent intend to contest the relief requested in TRG's motion.

  Based on the foregoing, the Court finds the clients would be prejudiced by the withdrawal.[3]  Furthermore, proceedings in this case would be unduly difficult without

---

[3] While Dalton could proceed *pro se*, Ardent cannot appear without representation.  Civ. Loc. Rule 83.3.j; *see also United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

4

representation and withdrawal may delay the resolution of this case. Accordingly, it is ordered as follows:

    1.    The motion of Assly Sayyar and Robert Bursky to withdraw as counsel for Counter-Defendants Steve Dalton and Ardent Retirement Planning, LLC is denied.

    2.    No later than **July 13, 2020**, Counter-Defendants shall file either their opposition to the pending motion for default judgment or a notice of non-opposition.

    3.    No later than **July 20, 2020**, Counterclaimant shall file a reply, if any.

**IT IS SO ORDERED.**

Dated: June 26, 2020

_____
Hon. M. James Lorenz
United States District Judge