UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEATING et al., | Case No.: 3:15-cv-57-L-AGS |
| Plaintiffs, | |
| v. | **ORDER ON MOTION TO ALTER OR AMEND JUDGMENT (DOC. NO. 487 AND 490).** |
| JASTREMSKI et al., | |
| Defendants. | |

Pending before the Court is Counter-Defendant Dalton's motion to alter or amend the default judgment. (Doc. No. 487). Counter-Defendant Silvers sought to join the motion. (Doc. No. 490). Counterclaimant The Retirement Group LLC ("TRG") opposed. (Doc. Nos. 491-492). Counter-Defendants responded. (Doc. No. 496). The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **DENIES** the motion.

Federal Rule of Civil Procedure 59(e) allows courts to reconsider or amend prior orders. The relief sought under that Rule is "an extraordinary remedy." *Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). Reconsideration is appropriate under limited circumstances: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or made an

initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *Id*.; *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011).

Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters*, 229 F.3d at 890 (emphasis original). "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks and citation omitted).

Here, Dalton's motion is not based on new evidence. Dalton relies on documents and records that were in his possession when he filed the opposition to TRG's motion for default judgment. (ECF 487). Dalton also argues the Court erred in its determination as to how to apportion the attorneys' fees and costs. *Id*. But he could have raised those arguments in his opposition.[1] And Dalton failed to show the Court made clear error or the initial decision was manifestly unjust. Dalton merely seeks to relitigate issues. For these reasons, the Court **DENIES** Dalton's motion. *Kona Enters.*, 229 F.3d at 890.

Silvers likewise seeks to alter or amend the default judgment. (Doc. No. 490). However, he filed his motion more than 28 days after the judgment. (Doc. Nos. 481 and 490). The motion is therefore untimely. *See* Fed. R. Civ. P. 59(e). And the Court cannot grant an extension. *See* Fed. R. Civ. P. 6(b). Regardless, he does not meet the standard as his arguments could have been (or were) raised in his opposition to the motion for default judgment. *Kona Enters.*, 229 F.3d at 890.

Silvers also seeks relief under Federal Rule of Civil Procedure 60(b)(3).  (Doc. No. 490). Silvers must show he was prevented "from fully and fairly presenting the case." *In re M/V Peacock*, 809 F.2d 1403, 1404-05 (9th Cir. 1987); *Pac. & Arctic Ry. and*

---

[1] In the opposition, Dalton argued the Court should apportion the requested attorneys' fees. The Court agreed. (*See* Doc. No. 481, Order on Motion for Default Judgment). But Dalton did not assert how the fees should be apportioned. The Court nevertheless determined the amount to award based on the claims, parties, and procedural history of the case. *Id*.

*Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991) (Rule 60(b)(3) "requires that fraud . . . not be discoverable by due diligence before or during the proceedings.") But he had the opportunity to present his case throughout this action, including in opposing TRG's motion for default judgment. There is also no manifest injustice. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006) ("judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.") (internal quotation marks and citation omitted). The Court therefore **DENIES** Silvers' motion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259-1260 (9th Cir. 2004).

**IT IS SO ORDERED**.

Dated:  November 8, 2021

Hon. M. James Lorenz
United States District Judge

3:15-cv-57-L-AGS